IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Swoope, Jr.,            Case No. 2:21-cv-797

    Plaintiff,            Judge Graham

v.

           Magistrate Judge Deavers

Brianna Dearth,

    Defendant.

Opinion and Order

Plaintiff David Swoope, Jr. brings this action against Brianna Dearth, his manager at a Lowe's Home Improvement store in Columbus, Ohio. Plaintiff is proceeding *pro se*. His complaint alleges that on at least one occasion defendant required him to stay after his work shift had ended to perform additional tasks, including cleaning the appliance department. According to plaintiff, defendant did so against plaintiff's will and in a manner that embarrassed him in front of other employees.

The complaint asserts numerous claims. The federal claims it asserts are for: (a) violations of plaintiff's rights under the Fourth and Fifth Amendments to United States Constitution to be free from unreasonable seizures and to not be deprived of due process of law, and (b) violations of various provisions of the U.S. Criminal Code, including those pertaining to conspiracy, deprivation of rights under color of law, extortion, fraud and racketeering. *See* 18 U.S.C. §§ 241, 242, 872, 1001, 1962.

This matter is before the court on defendant's unopposed motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court will grant the motion for the reasons set forth below.

When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations

in the complaint as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

Plaintiff seeks money damages of $3.75 million for the alleged constitutional violations. The court will construe his claims as being asserted under 42 U.S.C. § 1983, which authorizes a claim for money damages in connection with the deprivation of rights secured by the U.S. Constitution. To state a claim under § 1983, plaintiff must show that defendant acted "under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Plaintiff cannot establish this essential element of his § 1983 claim. His complaint alleges that defendant was his manager at Lowe's and that she made him work beyond his scheduled shift. In no way is defendant's alleged conduct 'fairly attributable to the State." *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020).

Turning to the alleged violations of the U.S. Criminal Code, the court finds again that the complaint fails to state a claim. "It is well settled that unless specifically provided for, federal criminal statutes rarely create private rights of action." *Stephens v. Nat'l City Corp.*, No. 1:19CV00784, 2020 WL 435439, at *7 (N.D. Ohio Jan. 28, 2020) (footnote and internal quotation marks omitted). The criminal statutes cited by plaintiff relating to conspiracy, deprivation of rights under color of law, extortion and fraud do not create private rights of action. *See Moore v. Kentucky*, No. CIV. A.4:10CV-67-M, 2010 WL 3505173, at *4 (W.D. Ky. Aug. 31, 2010) (no private rights of action under 18 U.S.C. §§ 241, 242, 872 and 1001) (citing cases).

The Racketeer Influenced and Corrupt Organizations Act does provide a private right of action for a person injured "by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Even so, the complaint fails to state a racketeering claim. Under § 1862(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." To establish a cause of action, plaintiff must adequately allege four elements: (1) that there were two or more predicate offenses; (2) that an "enterprise" existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors. *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000). Plaintiff has not adequately alleged any of these four elements. A store manager who keeps her employee past the end of his shift to perform cleaning tasks cannot, without more, be said to be engaged in racketeering.

3

Having dismissed plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, defendant's motion to dismiss the complaint (doc. 6) is GRANTED.

                                                  s/ James. L. Graham
                                                  JAMES L. GRAHAM
                                                  United States District Judge

DATE: June 8, 2021